## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMAR GARVIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2883 |
| | : | |
| HONORABLE JUDGE MIA PEREZ, | : | |
|     Defendant. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                    **DECEMBER 18, 2019**

Plaintiff Umar Garvin, a prisoner currently incarcerated at SCI-Mahanoy, filed this civil action against the Honorable Mia Perez.  Although the Court dismissed this case for failure to prosecute, the Court will reopen the case because it appears Garvin did not receive all the Court's Orders and that he does intend to prosecute this case.  However, the Court will dismiss this case as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Garvin initiated this case by bringing a civil rights Complaint against the Honorable Mia Perez, presumably pursuant to 42 U.S.C. § 1983, based on an allegation that Judge Perez, who presided over criminal matters in which Garvin was the defendant, would not "lift his detainer," causing his false imprisonment.[1]  (ECF No. 1.)  Garvin alleged that Judge Perez was

---

[1] A search of publicly available dockets reflects that Judge Perez presided over proceedings in which Garvin was charged with and pled guilty to assault.  *See Commonwealth v. Garvin*, CP-51-CR-0004047-2017 (C.P. Phila. Cty.); *Commonwealth v. Garvin*, CP-51-CR-0004048-2017 (C.P. Phila. Cty.); *Commonwealth v. Garvin*, CP-51-CR-0004049-2017 (C.P. Phila. Cty.); *Commonwealth v. Garvin*, CP-51-CR-0001962-2018 (C.P. Phila. Cty.).  Garvin was charged as Uman Garvin; Umar Garvin is listed as one of his aliases.  The dockets reflect that Garvin was reincarcerated after violating his parole and that his parole was revoked.

discriminating against him and retaliating against him for filing a prior lawsuit. (*Id.*) He sought damages, release from prison, and the Judge's arrest. (*Id.*)

At the time he brought his Complaint, Garvin was incarcerated within the Philadelphia Prison System. In a July 3, 2019 Order, the Court gave Garvin thirty days to either pay the applicable fees or file a motion to proceed *in forma pauperis* with a certified copy of his account statement showing account activity from January 1, 2019 through July 1, 2019. (ECF No. 3.) When he failed to do so, the Court dismissed his case for failure to prosecute in an August 20, 2019 Order. (ECF No. 4.)

On September 17, 2019, the Court received an Amended Complaint from Mr. Garvin, which names Judge Perez as a Defendant. (ECF No. 5.) The Amended Complaint sought Garvin's release from prison and monetary compensation for an allegedly wrongful conviction. In light of Garvin's submission of an Amended Complaint, the Court vacated its dismissal order and gave Garvin another thirty days to either pay the fees or file a motion to proceed *in forma pauperis* along with his prison account statement. (ECF No. 6.) The Court subsequently received notice that Garvin did not receive the August 20, 2019 dismissal order, and that the Clerk's Office was unable to forward the mail.

On November 4, 2019, the Court dismissed the case based on Garvin's failure to prosecute because he failed to pay the fees, seek leave to proceed *in forma pauperis*, or provide the Court with an updated address. (ECF No. 7.) That Order was also returned to the Court, but the Clerk's Office was able to resend it to Garvin at an updated address at SCI-Mahanoy. After having received the Order, Garvin submitted a "Motion for Release From Prison" (ECF No. 9), in which he alleges that Judge Perez convicted and incarcerated him because he filed a lawsuit,

and a monthly statement showing prison account activity from October 11, 2019 through

November 15, 2019.  (ECF No. 10.)

As it appears Garvin intends to prosecute this case and as the docket reflects some

amount of difficulty serving Garvin with the Court's Orders because of his transfer to another

prison, the Court will again reopen this case.[2]  For the reasons below, the Court will dismiss the

Amended Complaint as legally frivolous.[3]

## II.     STANDARD OF REVIEW

Mr. Garvin has neither paid the fees to commence this civil action nor filed a motion to

proceed *in forma pauperis* that substantially complies with 28 U.S.C. § 1915.[4]  Until recently,

this Court would have been precluded from addressing his pleadings unless and until he either

paid the fees or was granted leave to proceed *in forma pauperis*.  *See, e.g.*, *Francis v. State of

N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that

district court erred in addressing complaint before IFP was granted, because the "complaint was

not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13

(3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following

a determination that the litigant is entitled to *in forma pauperis*).  However, in *Brown v. Sage*,

---

[2] Garvin's *pro se* status, coupled with the difficulties in service mentioned above, could support reconsideration of the Court's November 4, 2019 Order under Federal Rules of Civil Procedure 59(e) or relief from that judgment under Rule 60(b)(1).

[3] The Amended Complaint is the operative pleading in this case.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).

[4] Garvin has expressed a desire to proceed *in forma pauperis*, but he has not filed a motion including an affidavit of poverty attesting to the assets he possesses, *see* 28 U.S.C. § 1915(a)(1), nor filed a certified copy of his prisoner account statement for the six-month period prior to bringing this case, *see id.* § 1915(a)(2).

941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Garvin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.     DISCUSSION

Mr. Garvin's pleadings are vague, but it is apparent that his civil rights claims against Judge Perez are based on acts she took in her judicial capacity while presiding over criminal matters in which Garvin was a defendant. Garvin's claims therefore lack a legal basis because Judge Perez is entitled to absolute immunity from those claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). The Court will dismiss Garvin's Amended Complaint in its entirety as legally frivolous on that basis.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will vacate its Order dismissing this case for failure to prosecute and dismiss the Amended Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because it is barred by absolute judicial immunity.  Garvin will not be permitted to file a second amended complaint because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  The Court will deny Garvin's Motion for Release as moot.

Mr. Garvin should be aware that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, if Garvin seeks to challenge his conviction or imprisonment, he must do so by filing a petition for a writ of *habeas corpus* after exhausting state remedies along with either the $5 filing fee or a motion for leave to proceed *in forma pauperis*.[5]  *See* 28 U.S.C. § 2254.  The dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Garvin] against his state proceedings." *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).  An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**

---

[5] It appears Garvin previously filed a *habeas* petition that may concern the criminal matters underlying the instant case. *See Garvin v. Perez*, E.D. Pa. Civ. A. No. 18-59.   The case was administratively terminated because Garvin failed to either pay the fees or seek leave to proceed *in forma pauperis* and Garvin was given instructions as to how to reopen the matter if he sought to proceed. *Id.* (ECF No. 2).  He never returned, however, and the case remains administratively closed.